'Isileli Tupou Mana'ia Mataele
12449 Ridgeton
Lakeside, Ca 92040
Plaintiff
Tel 760.521.8234
Fax 619.328.1827

FILED

08 SEP -3 PM 4:59

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1618 LAB RBB

ISILELI TUPOU MANA'IA MATAELE,

    Plaintiff,

    and

DIANE NUNN, DIRECTOR, THE CENTER
FOR FAMILIES, CHILDREN & THE
COURTS FOR THE STATE OF
CALIFORNIA,
DEBBIE ALLEN-PRESCOTT, MEDIATOR,
SAN DIEGO COUNTY FAMILY COURT
SERVICES,
AND DOES 1-50

    Defendants,

CIVIL ACTION NO:

COMPLAINT FOR DAMAGES FOR
DISCRIMNATION AND VIOLATIONS OF
THE CIVIL RIGHTS ACT
AND AMERICANS WITH DISABILTIES
ACT;
DEFAMATION,
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS, AND OTHER
TORTS.
REQUEST FOR JURY TRIAL.

Plaintiff alleges the following:

## JURISDICTION

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1343 (civil rights jurisdiction); and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims). Plaintiff seeks redress for violations of its his federal rights under 42 U.S.C. § 1983 et seq and §12132 et seq. Plaintiff also seeks redress for violations of his state law rights via supplemental jurisdiction.

## VENUE

2. The Southern District of California is the proper venue for the action under Title VII of the United States Civil Rights Act of 1964 as amended in that the defendants were

COMPLAINT FOR DAMAGES FOR DISCRIMINATION AND CIVIL RIGHTS VIOLATIONS

employed and acted with authority by the County of San Diego and the State of California. Defendant resides in the County of San Diego as far as plaintiff is aware which is the place of residence of plaintiff also. The basis of this suit occurred within the County of San Diego. The County of San Diego is within the immediate territorial boundaries of the Southern District of California.

## **PLAINTIFF**

3.  Plaintiff, 'ISILELI TUPOU MANA'IA MATAELE, is and was an individual citizen of the United States of America who resided in the County of San Diego, State of California born in Kailua, Hawai'i. Plaintiff alleges that the Defendants' under the color of law and acting in their official capacity discriminated against 'ISILELI TUPOU MANA'IA MATAELE, in part due to his disability, race, and culture which violated his civil rights. Furthermore Plaintiff alleges Defendant Debbie Allen-Prescott acting in her official capacity maliciously defamed 'ISILELI TUPOU MANA'IA MATAELE, his family, and race/ culture causing severe and extreme distress as a result of the his deprived right to parent his only daughter and deprival of due process as a direct result of Defendants' acts and failure to act.

## **DEFENDANTS**

4.  Defendant, DIANE NUNN, is the DIRECTOR of The Center for Families, Children, & the Courts (CFCC) of the State of California. The Family Court Services (FCS) of San Diego is an entity of Defendant CFCC. All actions complained of herein were undertaken against Plaintiff by the Family Court Services, its duly authorized employees, agents, representative, and/or assigns, in San Diego, California. For purposes of this litigation, DIANE NUNN, DIRECTOR, (hereinafter Nunn) is named herein as the defendant in this

action on behalf of, and at the direction of The Center for Families, Children, & the Courts of the State of California which incorporates the division of San Diego County Family Court Services (FCS). All actions complained of herein were undertaken against Plaintiff by The Center for Families, Children, & the Courts division of Family Court Services, its duly authorized employees, agents, representative, and/or assigns, in San Diego, California.

5. DEBBIE ALLEN-PRESCOTT is a mediator for San Diego County Family Court Services (hereinafter FCS) who maliciously discriminated and deprived the Plaintiff of his civil rights. Her malicious and reckless acts while acting in her official capacity as a mediator for FCS , disqualify her from immunity and is personally and severally liable. DEBBIE ALLEN-PRESCOTT (hereinafter ALLEN-PRESCOTT) is liable in both her official capacity and personally because she does not qualify for governmental immunity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about October 23, 2006, Plaintiff requested a new mediator informing Defendants of the egregious conduct of Defendant, Debbie Allen-Prescott. There are no other administrative remedies available to than to change the mediators. Defendants still failed to take any further corrective action other than to change mediators. They took no action in preventing further harm from resulting. Plaintiff's request to change mediator was the extent of administrative remedies available.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff 'Isileli Tupou Mana'ia Mataele was born on November 1, 1975 in Kailua, Hawai'i and married in San Diego County of California on April 30, 2005. He is primarily of Tongan/ Polynesian ancestry.

8. Plaintiff was first diagnosed with Attention Deficit Hyperactive Disorder while attending law school on or about January 2004.

9. Plaintiff filed for an annulment of marriage and separated from his wife Ashley Brittain Mataele on March 7, 2006 while they were expecting their first child.

10. On or about March 30, 2006, plaintiff's wife filed for sole custody of their unborn child based upon her false unsupported allegations and later restored her name surname to Brittain. She sought to also have their unborn child use her restored last name. Plaintiff opposed both motions and sough joint custody and to have the child use his surname in some fashion since he is the father.

11. On or about August 16, 2006 pursuant to a Court order in the dissolution/ custody case Plaintiff and his then wife Ashley Brittain participated in a mediation session conducted by Family Court Services of San Diego County, a government entity of The Center for Families, Children, & the Courts for the State of California. Family Court Services of San Diego County assigned a mediator, Defendant, DEBBIE ALLEN-PRESCOTT.

12. Family Court Services receives either directly or indirectly federal grants and/or funding , as far as known by plaintiff, to conduct mediation for child custody proceedings disputes assigned to California Courts. There are no manuals or general procedures which set a standard of conducting the mediations. Defendants primarily rely upon the education and training of the mediators obtained prior to obtaining employment.

13. Defendant NUNN's failure to train and supervise adequately Co-Defendant, ALLEN-PRESCOTT and provide a manual of procedures contributed if not caused ALLEN-PRESCOTT's resulting offending acts.

14. During the mediation on August 16, 2006, ALLEN-PRESCOTT as a FCS mediator conducted it in her capacity and authority of the state and/or local government. She mediated in intentionally bias, malicious, and very unprofessional manner.

15. After mediation, ALLEN-PRESCOTT, refused to adequately research the allegations during the mediation by the parties or their relevancy. ALLEN-PRESCOTT reports were signed by another FCS employee with the responsibility to ensure the report and the mediation was adequately reported. The supervising employee signed off on the report without proper investigation.

16. On or about September 3, 2006 Plaintiff received a copy of the report. It was so discriminatory, bias, malicious, and incompetent. The recommendations were so inappropriate and showed a total disregard for the law and Plaintiff's rights. It used Plaintiff's race, culture, disability, family, gender (although implicitly) and Brittain's allegations to substantiate the report. ALLEN- PRESCOTT further intentionally refused report in anyway in the reasonable standard expected in her profession and as an employee of the state.

17. Defendant ALLEN- PRESCOTT further made various defamatory statements regarding Plaintiff's culture, disability, mental stability, family, and therapists' opinion concerning Plaintiff.

18. Defendant ALLEN-PRESCOTT further maliciously recommended the Court take actions in violation of Plaintiff's rights and failed to make the appropriate recommendations even if the allegations were true.

19. Plaintiff then suffered emotionally, physically, and financially due to the report. The suffering continues and will continue without proper relief.

20. Based upon the report the Superior Court of the County of San Diego took a course of action which further encouraged Brittain to inflict further harm to Plaintiff. This resulted in further emotional distress and a long expensive custody battle and deprivation of equal protection of Plaintiff's rights.

21. On or about October 19, 2006, Plaintiff took the only administrative option available FCS provided which is to change the assigned mediator. Plaintiff made the same factual allegations as herein this complaint, the requests to FCS director BARBRA PRUITT. FCS failed to act and agreed to not do more than change the mediator, Defendant ALLEN-PRESCOTT.

22. Due to failure to act on FCS and with little resources available, Plaintiff continued to be affected adversely and further deprivation of rights based upon the report by ALLEN-PRESCOTT.

23. Based upon the recommendation of FCS, Plaintiff began a lengthy, costly, and distressful path to overcome the report. However based upon Defendant FCS mediator ALLEN-PRESCOTT's report, Plaintiff continued to suffer adversely affecting him emotionally, financially, and further deprivation of his civil rights.

24. On or about September 25, 2007, FCS again violated Plaintiff's rights by failure to follow its own policies regarding mediation by changing the assigned FCS mediator STEVE THORNE to current FCS mediator BRIANA CHRYSLER. CHRYSLER failed to follow its own policies of accepting documents for mediation.

25. On or about September 28, 2007 FCS employee Chrysler submitted her report which had made adequate findings (although Plaintiff contends some of the findings are not

accurate). However the recommendations were not appropriate according to the findings and based in large part upon the initial report by Defendant ALLEN-PRESCOTT.

26. On or about October 2007, Plaintiff's attorney contacted FCS director BARBRA PRUITT, regarding the policies and procedures manual for FCS mediators. PRUITT informed Plaintiff's attorney there was no manual for its mediators. FCS relied heavily upon continuing education and the mediator's own qualifications.

27. Based directly upon FCS's reports Plaintiff suffered a costly and unjust court battle with Brittain. It resulted in substantial cost, loss of income, and sever emotional trauma. Brittain involved various governmental agencies to leverage her court case which resulted severe distress. The cases were substantiated by the recommendations made by Defendant ALLEN-PRESCOTT.

28. The Court battle resulted in the misconduct of the judicial officer which resulted in further deprivation of Plaintiff's rights, cost, loss of income, and extreme emotional distress.

29. Plaintiff still continues to suffer as a direct result of Defendants conduct which is requires relief to end the harm.

## FIRST CAUSE OF ACTION

### (DISCRIMINATION BASED UPON RACE)

30. The conduct of Defendants as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of Plaintiff's race or national origin, in violation of Title VI of the Civil Rights Act of 1964 and 42 U.S.C. §2000d et seq. It also violated concurrently Cal Civ Code § 51.

31. The false and defamatory use of his culture to discriminate and deny Plaintiff equal protection of the law, due process, and constitutional rights.

32. The report's malicious and discriminatory use of culture is the proximate cause of plaintiff's pecuniary losses in excess of $100,000 due to the resulting legal dispute caused by the report and fueled by Defendants' acts and failure to act.

33. A further proximate result, Plaintiff suffered emotional trauma and distress because of the conduct by Defendants, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (DISCRIMINATION BASED UPON DISABILITY)

34. The conduct of Defendants as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of Plaintiff's disability and its symptoms in violation of Title VI of the Civil Rights Act of 1964 and 42 U.S.C. §2000d et seq. The conduct also violated Americans with Disabilities Act of 1990 and 40 U.S.C. § 12132 et seq. It also violated Cal Civ Code § 51.

35. The false and defamatory use of Plaintiff's disability and its symptoms to discriminate and deny Plaintiff equal protection of the law, due process, and constitutional rights.

36. The report's malicious and discriminatory use of culture is the proximate cause of plaintiff's pecuniary losses in excess of $100,000 due to the resulting legal dispute caused by the report and fueled by Defendants' acts and failure to act.

37. A further proximate result, Plaintiff suffered emotional trauma and distress because of the conduct by Defendants, in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (DEPRIVATION OF CIVIL RIGHTS)

38. The conduct of Defendants as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of bias and personal malice of Defendant ALLEN-PRESCOTT which was allowed by Defendant Nunn in violation of Civil Rights Act of 1871, 42 U.S.C. § 1983, §1985, and §1986 as well as Cal Civ Code § 51.

39. The false and defamatory use of his culture and disability to discriminate and deny Plaintiff equal protection of the law, due process, and other constitutional rights.

40. Also Defendant Nunn's employees agreed after notice of the violations agreed to allow the harm to continue to Plaintiff.

41. Defendant Nunn's employees also failed to act when they had a duty to supervise Defendant ALLEN-PRESCOTT's conduct to take the necessary corrective measures resulted in the harm to Plaintiff.

42. The report's malicious and discriminatory use of culture and disability along with Defendant Nunn's agreement not to act and failure to act is the proximate cause of plaintiff's pecuniary losses in excess of $100,000 due to the resulting legal dispute caused by the report and fueled by Defendants' acts and failures to act.

43. A further proximate result, Plaintiff suffered emotional trauma and distress because of the conduct by Defendants, in an amount to be proven at trial.

44. The conduct of Defendants as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of Plaintiff's disability and its symptoms in violation of Title VI of the Civil Rights Act of 1964 and 42 U.S.C. §2000d et seq. The conduct also violated Americans with Disabilities Act of 1990 and 40 U.S.C. § 12132 et seq. It also violated Cal Civ Code § 51.

## **FOURTH CAUSE OF ACTION**

### (STATE RIGHTS VIOLATIONS)

45. The false and defamatory use of Plaintiff's culture, family, unfounded allegations,

disability and Defendant NUNN's failure to act when it had a duty violated Plaintiff's

various rights.

COUNT 1

46. Cal Civ Code § 44, (DEFAMATION)

COUNT 2

47. Cal Civ Code § 52, (PERSONAL RIGHTS)

COUNT 3

48. Cal Civ Code § 1708 (ABSTINENCE FROM INJURY)

COUNT 4

49. Cal Civ Code § 43 (PERSONAL RIGHTS)

50. The report's malicious and discriminatory use of culture is the proximate cause of

plaintiff's pecuniary losses in excess of $100,000 due to the resulting legal dispute caused

by the report and fueled by Defendants' acts and failure to act.

51. A further proximate result, Plaintiff suffered emotional trauma and distress because of the

conduct by Defendants, in an amount to be proven at trial.

//

//

WHEREFORE, plaintiff prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

1.  Enter a declaratory judgment that the practices complained of herein are unlawful and violative of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d et seq and §12132 et seq.; Civil Rights Act of 1871, 42 U.S.C. § 1983, §1985, and §1986 et seq.

2.  Permanently enjoin defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law.

3.  Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law so that they do not discriminate on the basis of race, culture, or disability;

4.  Compensate and make whole plaintiff for all earnings, expenses, and other benefits Plaintiff Mataele would have received but for the discriminatory and malicious practices of defendants;

5.  Compensate and make whole plaintiff for all damages Mataele incurred as a result of the discriminatory practices of defendant;

6.  Award Plaintiff the costs and disbursements of the action, including reasonable attorney's fees in accordance with 42 U.S.C. Sections 1988, 2000d;

7.  Award compensatory damages to plaintiff in the amount of $ 500,000 or the greatest amount allowable by law; and

8.  Grant such other relief as may be just and proper.

Respectfully submitted,

'Isileli Tupou Mana'ia Mataele

Plaintiff

Date: 9/3/08

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

'Isileli Tupou Mana'ia Mataele

**DEFENDANTS**

Debbie Allen-Prescott, San Diego Family Court Services,

FILED

08 SEP -3 PM 4:59

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
          LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

'Isileli Tupou Mana'ia Mataele, 12449 Ridgeton Drive, Lakeside, Ca 92040

Attorneys (If Known)

'08 CV 1618 LAB RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☒ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC §1983, §1985 (3), §1986, §1988, §2000, § 12132,

Brief description of cause:
civil rights violation and discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____

DOCKET NUMBER _____

DATE
08/28/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

